UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
 :
BENJAMIN JIMENEZ, :
 :
                Movant, :
 :
         -v- : 13-cr-58 (KBF)
 : 15-cv-1493 (KBF)
UNITED STATES OF AMERICA, :
 : CORRECTED[1]
                Respondent. : OPINION & ORDER
 :
------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 23, 2015

KATHERINE B. FORREST, District Judge:

The Court has reviewed movant Benjamin Jimenez's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was timely filed on February 16, 2015.[2]  (15-cv-1493 ECF No. 1 ("Pet.").)  Jimenez argues that his attorney misinformed him of the elements required to convict him under 18 U.S.C. § 924(c) of aiding and abetting the use, carrying, and possession of a firearm during a crime of violence, and that, but for that failure, there is a reasonable probability that Jimenez would not have plead guilty and would instead have proceeded to trial, which in Jimenez's view would have resulted in a different outcome for this proceeding.  (See Pet. at 14, 16-17.)

For the reasons set forth below, Jimenez's motion is DENIED.

---

[1] This Opinion & Order has been corrected to address whether this Court will grant a certificate of appealability.

[2] "[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."  Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005).  The Court entered judgment against Jimenez on February 4, 2014 (13-cr-58 ECF No. 333), and the time to appeal expired fourteen days later, on February 18, 2014. See Fed. R. App. Proc. 4(b)(1)(A)(i).  Jimenez states that he gave his motion papers to prison officials for mailing on February 16, 2015 (see Pet. at 18), which was before his February 18, 2015 deadline for filing a § 2255 motion, see 28 U.S.C. § 2255(f)(1).

I. BACKGROUND

On August 2, 2013, Jimenez pled guilty pursuant to a plea agreement ("the Plea Agreement") to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 ("Count Two") and to using, carrying, and possessing a firearm in relation to a crime of violence and aiding and abetting same in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Three"). (13-cr-58 ECF No. 24; 13-cr-58 ECF No. 142 ("Plea Tr.") at 24:2-6.)

During his plea, Jimenez either answered in the affirmative to the following questions or affirmed his understanding of the following facts:

- He had sufficient time to discuss the case, the charges against him, and the consequences of pleading guilty with his counsel; and he was "very satisfied" with his counsel's representation. (Plea Tr. at 8:12-9:6.)
- He understood the various constitutional rights he was waiving by deciding to plead guilty. (Plea Tr. at 9:18-12:19.)
- He understood that, in Count Three, he was being "charged with the use, carry[ing] and possession of a firearm," and "for aiding and abetting others in the same in connection with those robberies." (Plea Tr. at 13:3-7.)
- He understood that, for Count Three, there is a statutory maximum of life imprisonment; a mandatory minimum of five years' imprisonment to run consecutively with any sentence imposed for Count Two; and a maximum fine "of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than [himself]

resulting from the offense" plus a "$100 special assessment and restitution, if ordered by the Court." (Plea Tr. at 9:3-6, 14:4-24.)

- He understood the Plea Agreement, reviewed it with his counsel, and willingly signed it. (Plea Tr. at 18:8-21.)
- He understood that, under the Plea Agreement, he waived any right to a direct appeal or collateral challenge. (Plea Tr. at 19:7-14.)

Jimenez also admitted that he intended to rob drug dealers for drugs and money and that in furtherance of that crime, on January 9, 2013, he "possessed a loaded firearm in a motor vehicle, [with] the intent to use the firearm to rob drug dealers." (Plea Tr. at 21:18-24.) He further admitted to his possession of a firearm, confirmed the veracity of his statements, and acknowledged the wrongfulness of his actions. (Plea Tr.  21:25-22:8, 22:21-23.)

The Court, satisfied that Jimenez was in fact guilty and understood the rights that he was waiving, found his guilty plea to be voluntary and accepted the plea. (Plea Tr. at 24:7-13.)

On January 31, 2014, the Court, after carefully weighing the factors set forth in 18 U.S.C. 3553(a), sentenced Jimenez to a term of 97 months imprisonment—37 months for Count Two and the mandatory minimum 60 months for Count Three—and three years of supervised release on each count to run concurrently.[3] (13-cr-58 ECF No. 386 at 26:6-9, 26:18-19.)

---

[3] In his motion papers, Jimenez states that he is serving a term of 87 months (Pet. at 1), but the judgment and sentencing transcript reflect that he was sentenced to 97 months' imprisonment (see 13-cr-58 ECF No. 333; 13-cr-58 ECF No. 386 at 26:6-9).

II.     DISCUSSION

Notwithstanding Jimenez's waiver in his Plea Agreement of his right to attack his conviction via a § 2255 petition, he is permitted to pursue an ineffective assistance of counsel claim.  See Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008 (an ineffective assistance of counsel claim may survive a guilty plea or appeal waiver where the claim concerns the advice the defendant received from counsel).  A defendant can bring an ineffective assistance of counsel claim in a § 2255 motion without first having exhausted such a claim on direct appeal.  Massaro v. United States, 538 U.S. 500, 504 (2003).

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) his or her counsel's performance "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and (2) "that the deficient performance prejudiced the defense" such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

Jimenez argues that his counsel's performance with regard to his August 2, 2013 plea was ineffective because his counsel misinformed him of the elements required to convict him under 18 U.S.C. § 924(c) of aiding and abetting the use, carrying, and possession of a firearm during a crime of violence, specifically, by failing to take into account the Supreme Court's March 5, 2014 decision in Rosemond v. United States, 134 S. Ct. 1240 (2014).  However, "[c]ounsel is not

required to forecast changes in the governing law."[4] Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). Jimenez's counsel's failure to take into account a Supreme Court decision that did not issue until over seven months after Jimenez entered his plea was objectively reasonable, and his counsel's performance with regard to his plea was therefore not deficient.[5]

In any event, even if Rosemond were applicable, because Jimenez admitted to principal liability, he would have suffered no prejudice as a result of his counsel's failure to inform him of its import. In Rosemond, the Supreme Court held that although a defendant need not facilitate all parts of an offense to be held liable under the federal aiding and abetting statute, the defendant's "intent must go to the specific and entire crime charged." 134 S. Ct. at 1246. Accordingly, aiding and abetting liability for a § 924(c) violation attaches only if the defendant has "advance knowledge that a confederate would use or carry a gun during the crime's commission." Id. at 1249. Thus, Rosemond would only affect the outcome of Jimenez's proceeding if (1) Jimenez himself did not use, carry, and possess a firearm in relation to the robberies with which he was charged, and (2) Jimenez did not have advance knowledge that one of his confederates would use or carry a gun during those robberies.

---

[4] The Court further notes that a new rule of constitutional law "is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive," Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal quotation marks omitted), and the Supreme Court did not hold the rule announced in Rosemond to be retroactive, see 134 S. Ct. 1240.

[5] Jimenez's argument that Rosemond "only supports this Circuit['s] settled law on the issue," as set forth in United States v. Young, 561 Fed. App'x 88 (2d Cir. 2014), similarly lacks merit because Young was decided after Rosemond, and Young's explanation of the requirements for aiding and abetting liability under § 924(c) was based on an application of "the Supreme Court's explication in Rosemond," not pre-Rosemond Second Circuit precedent, see id. at 92.

However, Jimenez himself described his participation in the offense in terms of <u>principal</u> liability by stating clearly on the record that he "possessed a loaded firearm in a motor vehicle," with "the intent to use the firearm to rob drug dealers." (Plea Tr. 21:22-24.)  Thus, by Jimenez's own admission, condition (1) does not apply in his case.  Further, the record of this proceeding reflects that when Jimenez was arrested he was in a vehicle in which a loaded .380 caliber semiautomatic firearm was being stored in a secret compartment (Pre-Sentencing Report ¶ 46), which suggests that even if Jimenez did not admit to principal liability under § 924(c), he would have been found guilty of a § 924(c) offense at trial.  Accordingly, even if <u>Rosemond</u> were applicable and even if Jimenez was informed of its import, it is not reasonably probable that the outcome of this proceeding would have been different.  Jimenez therefore could not have suffered any prejudice due to counsel's failure to inform him of <u>Rosemond</u>, assuming <u>arguendo</u> that <u>Rosemond</u> applies to his case (which, as explained above, it does not).

III.   CONCLUSION

For these reasons, Jimenez's motion under 28 U.S.C. § 2255 is DENIED.

The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>see</u> <u>Matthews v. United States</u>, 682 F.3d 180, 185 (2d Cir. 2012).  The Court also finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the denial of this motion would not be taken in good faith.  <u>See</u> <u>Feliz v. United States</u>, No. 01 Civ 5544 (JFK), 2002 WL 1964347, at *7 (S.D.N.Y. 2002).

The Clerk of Court is directed to close the motion at 13-cr-58 ECF No. 521

and to terminate this action.

       SO ORDERED.

Dated:     New York, New York
               July 23, 2015

                                               KATHERINE B. FORREST
                                               United States District Judge

Copy to:

Benjamin Jimenez
67877-054
FCC Allenwood
United States Penitentiary
P.O. Box 3000
White Deer, PA 17887